Willard, J.,
delivered the opinion of the court.
The allegation in the complaint, that the contract became and was duly awarded to the plaintiff as the lowest bidder, is put in issue by the answer and is not proved. If the allegation means only to assert the fact as a mere conclusion of law, the breach complained of is not a legitimate deduction from the premises. The complaint is, that though the plaintiff has on his part executed the contract with sureties and tendered the same to the street commissioner, and requested him to execute the same, yet he, under the direction of the defendants, has refused to accept the sureties or to execute the contract on his part, and the defendants have refused to make the appropriation, &c. This assumes that some act was necessary, on the part of the defendants, or the street commissioner, or both, before the plaintiff’s estimate and proposal could become an obligatory contract. - If the bargain was incomplete, until the plaintiff’s proposal was accepted, I know of no law, which will subject the defendants to damages, for declining to accept the offer. [ The notice inviting proposals to do the work, did not, in my judgment, bind the street commissioner or the corporation, to accept at all events, the lowest bid, even though in all respects formal. And until the bid was accepted by some act on the part of the corporation, no obligatory contract was created.
*508 The contract in this case exceeded $500, and by the 494th section of the corporation ordinances, it is enacted that “no contract for a sum exceeding $500, shall be signed or executed until such contract and all the estimates relating thereto shall have been laid before the common council, and an appropriation made therefor.” This would be entirely senseless unless the corporation have the right to refuse to» enter into the contract, and to refuse the appropriation to carry it out, after the proposals shall have been. made to the street commissioner, under his notice, and the latter shall have laid them before the common council. Until the final action of the corporation, the proceeding is incomplete, and liable to be defeated by the refusal of that body to proceed further.
Again, the street commissioner did not in this case strictly comply with the ordinances in stating in his notice the amount in which security was to be required for the performance of the contract. He had no right to dispense with any requirement which the corporation ordinances had made imperative. The omission in this case probably lead to the defect in the security tendered by the plaintiff with his proposal. The error of the commissioner did not waive a right which the corporation possessed of insisting on a bond in double the amount of the sum stated in the proposal. This defect could only be waived by the corporation itself.
For these reasons the superior court rightfully reversed the judgment of the special term upon the report of the referee and dismissed the complaint, and their judgment should be affirmed.
All the judges concurred in the foregoing opinion except Denio, J., who did not hear the argument and took no part in the decision. „
Judgment affirmed.